FILED'08 AUG 18 11:35USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LARRY D. BAYS,                                  07-CV-6194-PK

       Plaintiff,                           ORDER

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

       Defendant.

BROWN, Judge.

    Magistrate Judge Paul Papak issued Findings and Recommendation (#17) on June 24, 2008, in which he recommended this Court reverse and remand the Commissioner's decision denying Plaintiff's application for supplemental security income benefits and disability insurance benefits for further administrative proceedings.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

    Because no objections to the Magistrate Judge's Findings and

1 - ORDER

Recommendation were timely filed, this Court is relieved of its obligation to review the record *de novo*. *Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)(rev'd on other grounds). *See also Lorin Corp. v. Goto & Co.*, 700 F.2d 1202, 1206 (8th Cir. 1983). Having reviewed the legal principles *de novo*, the Court does not find any error.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Papak's Findings and Recommendation (#17). Accordingly, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

Section 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)(citing 20 C.F.R. § 404.1728(a)). Under 42 U.S.C. § 406(b), "a court may allow 'a reasonable [attorneys'] fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant." *Id.* at 795 (quoting 42 U.S.C. § 406(b)(1)(A)). Because § 406(b) does not provide a time limit for filing applications for attorneys' fees and Federal Rule 54(d)(2)(B) is not practical in the context of Social Security sentence-four remands, Federal Rule of Civil Procedure 60(b)(6) governs. *Massett v. Astrue*, 04-CV-1006

2 - ORDER

(Brown, J.)(issued June 30, 2008).  *See also McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006).  To ensure that any future application for attorneys' fees under § 406(b) is filed "within a reasonable time" as required under Rule 60(b)(6), the Court orders as follows:  If the Commissioner finds Plaintiff is disabled on remand and awards Plaintiff past-due benefits and if, as a result, Plaintiff intends to submit such application for attorneys' fees under § 406(b), Plaintiff shall submit any such application within 60 days from the issuance of the Notice of Award by the Commissioner.

    IT IS SO ORDERED.

    DATED this 18th day of August, 2008.

                                /s/ Anna J. Brown
                                ANNA J. BROWN
                                United States District Judge